UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN CREDICO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00582-JPH-KMB |
| | ) |
| CARMEL CLAY PUBLIC LIBRARY, | ) |
| BETH MEYERS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**I.
Granting *in forma pauperis* status**

Plaintiff Justin Credico's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Credico to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

**II.
Updating Mr. Credico's contact information**

Mr. Credico indicates in his complaint that he does not have a mailing address because he is homeless. Dkt. 1 at 6. However, he provides an email address at which he may be contacted. *Id.* Accordingly, the Clerk is **directed to add Mr. Credico's email—jmc31337@gmail.com—to the docket and to**

1

**the list of email addresses that receive electronic notification in this case**. Mr. Credico will not receive hard copies of the Court's orders via the United States Mail; he will receive notice only via email. In addition, Defendants are authorized to serve Mr. Credico via his email address as well.

## III.
## Screening the complaint

### A. Screening standard

The Court has the inherent authority to screen Mr. Credico's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. The complaint**

Mr. Credico alleges that on March 18, 2025, staff at Carmel Clay Public Library "wanted to talk" to him "about an incident that had occurred the previous day." Dkt. 1-2 at 1. On March 17, an "undercover/off duty" government official approached Mr. Credico while he "was using the library internet for law and music." *Id.* The official "stood over" Mr. Credico and got in his face. *Id.* Mr. Credico complained about this to library staff, and he asked them to explain to him what was happening. *Id.* "During this complaint process with staff [Mr. Credico] turned to" the government official and said that the official was "a piece of cop shit" and asked staff to remove the official "due to him bothering me for no reason." Mr. Credico told the staff that he was leaving the library and would return the next day, and the official said to staff "this guy is a threat to society" and "we're going to get him." *Id.* at 2.

The next day, on March 18, library staff Defendant Beth Meyers and Carmel Police issued a trespass order banning Mr. Credico from the library for six months. *Id.* at 2–3. Mr. Credico does not attach a copy of the trespass order to his complaint, but he alleges that the trespass order said the following:

> Dear Mr. Credico,
>
> This letter outlines several serious violations of the Carmel Clay Public Library's Standards of Conduct (see attached) facilitating your library suspension.
>
> On the evening of March 18th 2025, you were verbally abusive and threatening another patron after a disagreement at the computer stations. You continued to loudly swear at staff about the incident and use abusive language.

3

> On September 11th 2024, you were verbally abusive to library staff members when asked to lower the volume of your singing and to refrain from using vulgar language. You continued to yell vulgarity and make threats as the staff members escorted you out. You attempted to slam the door on staff, but the door hydraulics prevented any injury.
>
> Due to your ongoing unacceptable and potentially violent behavior, your library visitation privileges are suspended until September 19th 2025, and after you have met with Library Director Bob Swanay about this matte[r]. Please be aware that your presence[] in the library or on grounds will be regarded as criminal trespassing.

*Id.* Mr. Credico alleges that the library and police had "no video or evidence" that he engaged in this conduct. *Id.* at 3.

For relief, Mr. Credico asks the Court to "enjoin enforcement" of and "demur null void" the trespass order. Dkt. 1 at 5.

### C. Discussion of claims

Mr. Credico does not state what type of claim he brings, but the Court construes his complaint to allege a First Amendment claim under 42 U.S.C. § 1983. However, his complaint must be dismissed because it does not plausibly state a First Amendment claim.

Although the Seventh Circuit has not addressed whether there is a First Amendment right to access a public library, district courts in this Circuit and other circuit courts have found such a right. *See England v. Jackson Cnty. Pub. Libr.*, 596 F. Supp. 3d 1164, 1173 (S.D. Ind. 2022) (holding "[t]here is no question" that plaintiff's right to receive information through continued use of the library is "protected under the First Amendment"); *Rihm v. Hancock Cnty. Pub. Libr.*, 954 F. Supp. 2d 840, 855 (S.D. Ind. 2013) (holding "that there is a First Amendment right to access the Library" after adopting the Third Circuit's

4

reasoning in *Kreimer v. Bureau of Police for Town of Morristown*, 958 F.2d 1242, 1255 (3d Cir. 1992)).

But that right to access a public library is not absolute. "[A] library is a limited public forum and is thus 'obligated only to permit the public to exercise rights that are consistent with the nature of the Library and consistent with the government's intent in designating the library as a public forum.'" *Rihm*, 954 F. Supp. 2d at 855 (quoting *Kreimer*, 958 F.2d at 1262). "It is well-established that a library board may issue rules prohibiting disruptive conduct, so long as it enforces the rules in 'a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all.'" *Grant-Davis v. Bd. of Trs. of Charleston Cnty. Pub. Libr.*, No. 2:15-cv-2676-PMD-MGB, 2017 WL 9360875, at *23 (D.S.C. May 24, 2017) (quoting *Brown v. Louisiana*, 383 U.S. 131, 143 (1966)); *see also Divelbiss v. Madison Pub. Libr. Staff*, 23-cv-330-jdp, 2024 WL 307418, at *1 (W.D. Wis. Jan. 26, 2024) (screening complaint where plaintiff's allegations suggested he engaged in a disruptive performance "that staff likely could punish as outside the scope of acceptable discourse in the 'limited public forum' of a public library" (citing *England*, 596 F. Supp. 2d at 1174)). So here, the key question is whether Mr. Credico plausibly alleges that he was banned from the Carmel Clay Public Library pursuant to a library policy and "whether such limitations on [his] right to access and use of the Library" were unreasonable. *Rihm*, 954 F. Supp. 2d at 856.

He has not done so. Mr. Credico alleges that the library suspended his access due to "several serious violations" of the library's "Standards of

5

Conduct." Dkt. 1-2 at 2–3 (discussing the library's trespass order). Mr. Credico argues that these Standards of Conduct "can't override [his] rights when their enforcement is based on hearsay and speculation, not facts." *Id.* at 3. However, given the disruptive behavior outlined in Mr. Credico's recounting of the trespass order, the Court cannot reasonably infer from Mr. Credico's allegations that the library's Standards of Conduct were unreasonable or applied in a discriminatory manner. Without that, Mr. Credico does not plausibly allege that the Carmel Clay Public Library's temporary ban pursuant to its Standards of Conduct violated his First Amendment rights. *See Kreimer*, 958 F.2d at 1263 (finding library's rule prohibiting disruptive behavior was "fundamentally reasonable" since "[p]rohibiting disruptive behavior is perhaps the clearest and most direct way to achieve maximum Library use").

### D. Conclusion

Mr. Credico's complaint must be dismissed for the reasons in this Order. He shall have **through May 16, 2025** to file an amended complaint. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The **clerk is directed** to send a form complaint with Mr. Credico's copy of the Order.

**SO ORDERED.**

Date: 4/17/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

JUSTIN CREDICO
Homeless
Carmel, IN 46032
jmc31337@gmail.com