UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN CREDICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00582-JPH-KMB |
| ) | |
| CARMEL CLAY PUBLIC LIBRARY, ) | |
| BETH MEYERS, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Justin Credico filed this lawsuit against Carmel Clay Public Library and Beth Meyer, alleging that they violated his First Amendment free speech rights and Fourteenth Amendment procedural due process rights when they prohibited him from entering or using the library for six months. Dkt. 7. Defendants have filed a motion to dismiss. Dkt. [18]. Because Mr. Credico waived his claims by failing to address Defendants' arguments in response to the motion to dismiss, that motion is **GRANTED**.

**I.
Facts and Background**

Because Defendants have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

On March 17, 2025, Mr. Credico was at the Carmel Clay Public Library when he complained about harassment by library staff, and told a staff member, "you're a piece of cop shit." Dkt. 7 at 2 ¶ 11 (amended complaint).

1

The next day, Mr. Credico was told that Beth Meyer, the library's assistant director, wanted to speak with him.  *Id.* at ¶ 12.  But instead of having that conversation, the Carmel Police gave Mr. Credico a trespass order, banning him from the library for six months.  *Id.* at ¶¶ 12–13.  The notice read:

> This letter outlines several serious violations of the Carmel Clay Public Library's Standards of Conduct (see attached) facilitating your library suspension.
>
> On the evening of March 18, 2025, you were verbally abusive and threatening another patron after a disagreement at the computer stations. You continued to loudly swear at staff about the incident and use abusive language.
>
> On September 11, 2024, you were verbally abusive to library staff members when asked to lower the volume of your singing and to refrain from using vulgar language. You continued to yell vulgarity and make threats as the staff members escorted you out. You attempted to slam the door on staff, but the door hydraulics prevented any injury.
>
> Due to your ongoing unacceptable and potentially violent behavior, your library visitation privileges are suspended until September 19, 2025, and after you have met with Library Director Bob Swanay about this matter. Please be aware that your presence in the library or on library grounds will be regarded as criminal trespassing.

Dkt. 18-1 at 1 (letter form Beth Meyer).[1]

After receiving this notice, Mr. Credico filed this action under 42 U.S.C. § 1983 alleging that his library suspension was First Amendment retaliation and

---

[1] Defendants included the suspension letter with their motion to dismiss, and the Court considers it because Mr. Credico refers to the letter in his complaint.  Dkt. 7 at 4 ¶ 25; *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) ("Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.").

violated his Fourteenth Amendment procedural due process rights. Dkt. 1; dkt. 7 at 4–6. The Defendants filed a motion to dismiss both counts under Federal Rule of Civil Procedure 12(b)(6). Dkt. 18.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the

hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

### III.
### Analysis

Defendants first argue that Mr. Credico's First Amendment retaliation claim should be dismissed because it does not allege that he engaged in protected speech, which is required to sustain a First Amendment retaliation claim. Dkt. 19 at 7, 10 (arguing that singing and telling a library employee he was "a piece of cop shit" were not protected speech). They next argue that Mr. Credico's Fourteenth Amendment procedural due process claim should be dismissed because he doesn't have a liberty or property interest in library access and, alternatively, he received all the process he was due in the letter announcing his suspension. *Id.* at 11–13. In response, Mr. Credico doesn't address or even acknowledge these arguments. *See* dkt. 20. Rather, he argues that he has asserted "the hybrid Franks 4-corners test alleging material misrepresentations and omissions of facts and circumstances (within the govt libraries write-up,)" and that with this assertion, "he was able to surpass sua sponte dismissal." Dkt. 20 at 2.

"[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). So, when a plaintiff does not respond to arguments in a motion to dismiss, he "effectively abandons the litigation." *Alito v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *see also*

4

*Boogaard v. Nat. Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("[Plaintiffs] do not—and cannot—deny that a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss.").

Here, Mr. Credico does not respond to Defendants' legal arguments why his claims should be dismissed. *See* dkt. 20. He has therefore waived his claims against the Defendants.[2] *See Alioto*, 651 F.3d at 721–22 (affirming the district court's dismissal of a complaint when the plaintiff waived his claims by failing to address the defendant's arguments in a motion to dismiss); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (affirming district court's dismissal after concluding that plaintiff waived claims by failing to meaningfully respond to defendant's arguments).[3]

---

[2] "Though often used interchangeably by lawyers and judges alike, the terms waiver and forfeiture are not synonymous." *Crothersville Lighthouse Tabernacle Church, Inc. v. Church Mut. Ins.*, --- F.4th ----, 2026 WL 574106 at *4 (7th Cir. Mar. 2, 2026). "Waiver is the intentional relinquishment or abandonment of a known right; forfeiture is the mere failure to raise a timely argument." *Id.* Here, because Mr. Credico had notice of Defendants' arguments and chose to respond without mentioning those arguments, waiver is the appropriate term. *See id.* at *5 ("When a litigant selects among possible arguments at summary judgment, the normal consequence is that he waives those not advanced. Whether the choices were misguided is irrelevant. . . . That's a textbook waiver."); *Soo Line R.R. Co. v. Consol. R. Corp.*, 965 F.3d 596, 602 (7th Cir. 2020) (applying the same rule to a 12(b)(6) motion and finding waiver because "Canadian Pacific decided how to litigate its case, offered the district court nothing at all on an entire theory of the defendant's case, and predictably lost.").

[3] In *Marcure v. Lynn*, the Seventh Circuit held that courts may not grant an *unopposed* Rule 12(b)(6) motion "solely because there is no response." 992 F.3d 625, 633 (7th Cir. 2021). Here, Defendant's motion is not unopposed—Mr. Credico responded with an argument of his choosing, thereby waiving "his right to contest dismissal" on other grounds that Defendants raised and Mr. Credico ignored. *Alioto*, 651 F.3d at 722; *Bradley v. Village of Univ. Park, Ill.*, 59 F.4th 887, 897 (7th Cir. 2023) (reaffirming that a party may waive arguments in the district court "by failing to offer a coherent, supported argument").

Instead of responding to Defendants' arguments for dismissal, Mr. Credico contends that his claim should not be dismissed because he asserted "the hybrid Franks 4-corners test alleging material misrepresentations and omissions of facts and circumstances." *Id.* at 1. However, Mr. Credico's reliance on *Franks v. Delaware*, 438 U.S. 154 (1978) is misplaced.

In *Franks*, the Supreme Court held that when a criminal defendant makes a substantial preliminary showing that an affiant made false statements within a search warrant affidavit, the Fourth Amendment entitles the defendant, at their request, to a hearing. 438 U.S. at 171–72. While Mr. Credico argues that false statements and omissions within the suspension notice were "akin to a defective warrant affidavit," dkt. 7 at 5–6, *Franks* hearings are applicable in criminal proceedings for defective search warrants to protect a criminal defendant's Fourth Amendment rights. *See Franks*, 438 U.S. 154. This case is civil, and even if Mr. Credico's suspension notice included misrepresentations, *Franks* does not apply. Even more, Mr. Credico's reliance on *Franks* does not address Defendants' grounds for dismissal. He has therefore waived his claims and the Defendants' motion to dismiss is **granted**. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1042 (7th Cir. 1999) ("An unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

# IV.
# Conclusion

Defendants' motion to dismiss under 12(b)(6) for failure to state a claim is **GRANTED.** Dkt. [18]. This action is **DISMISSED with prejudice.** Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 3/11/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JUSTIN CREDICO
Homeless
Carmel, IN 46032
jmc31337@gmail.com

All electronically registered counsel